**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS A. BUCK, | : | |
| | : | Case No. 2:16-CV-416 |
| Debtor, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| CHRISTAL A. CAUDILL, *et al.*, | : | |
| | : | |
| Trustees. | : | |

**OPINION & ORDER**

This matter is before the Court on Debtor Thomas A. Buck's Motion to Withdraw Reference to the Bankruptcy Court (Doc. 1) and Appellant Michael Warren's Motion to Stay Proceedings in Bankruptcy Court. (Doc. 3.) For the reasons that follow, the Court **DENIES** both motions.

**I.     BACKGROUND**

Thomas A. Buck filed a chapter 7 bankruptcy petition on July 16, 2015 and Christal A. Caudill was appointed Chapter 7 trustee. (Bankr. Doc. 1.) During the course of the litigation in the bankruptcy court, the United States Trustee ("UST") filed a motion to determine excessiveness of attorney fees pursuant to 11 U.S.C. § 329(b). (Doc. 1, Ex. A.) Section 329(b) of the Bankruptcy Code allows the bankruptcy court to review fee arrangements and fees paid to attorneys in bankruptcy cases. Under § 329(b), "[i]f such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any

1

such payment, to the extent excessive." The UST sought disgorgement of the full amount of at least $1,444.00 that Buck paid to Warren in pre-petition fees.¹ (Doc. 1, Ex. A.)

The bankruptcy court scheduled a pretrial conference on the fee matter for June 29, 2016. (Bankr. Doc. 42.) On March 28, 2016, Warren served discovery requests on the UST by email. (*See* Doc. 1, Exs. C-D.) On that same day, the UST sent a response to Warren, informing him that his discovery requests were not in compliance with the requirements of *Touhy v. Ragen*, 340 U.S. 462 (1951) and 21 C.F.R. § 16.21, *et seq.* (the "*Touhy* regulations"), which prohibit United States Department of Justice ("DOJ") employees from producing documents in discovery without prior written permission from designated officers of the DOJ. (Doc. 1 at Ex. D.) The UST stated that until Warren complied with the regulations by seeking permission from designated officers at DOJ and setting forth in an affidavit a summary of the specific information sought and its relevance to the proceeding, it would not produce the requested discovery. (*Id.* at 2.)

On April 20, 2016, Warren filed a motion to withdraw reference in the bankruptcy court, which was transmitted to this Court. (Bankr. Doc. 46; Doc. 1.) In its opposition to Warren's motion to withdraw reference, filed on May 13, 2015, the UST represented to this Court that Warren has not yet complied with the *Touhy* regulations. (Doc. 2 at 3.) Warren also filed a motion to stay the bankruptcy court proceedings in the bankruptcy court, which the bankruptcy court denied on June 1, 2016. (Doc. 3, Ex. B.) Warren then filed the motion to stay the

---

¹ Although it is unnecessary for the Court to discuss the substance of the fee motion at length, the Court notes that the UST's fee motion charges that Warren did not provide due diligence to Buck in the preparation of his filing. (Doc. 2 at 2.) Additionally, Warren no longer represents Debtor in the underlying bankruptcy case. Debtor has obtained new counsel and is pursuing a malpractice claim against Warren. (*See* Bankr. Doc. 24 at 18.)

2

bankruptcy proceedings in this Court on June 21, 2016, which the UST also opposes.  (Docs. 3-4.)

On July 8, 2016, the bankruptcy court issued an order scheduling a trial on the UST's motion to determine excessiveness of fees for September 22, 2016.  (Bankr. Doc. 59.)

## II. ANALYSIS

Under 28 U.S.C. § 157(d), a district court may withdraw reference in two ways: permissive withdrawal or mandatory withdrawal.  First, a district court "may withdraw, in whole or in part, any case or proceeding referred under this section . . . for cause shown." *Id.*  Further, the district court "shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both [the Bankruptcy Code] and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*  The moving party, in this case Debtor, bears the burden of showing that a withdrawal of reference is justified.  *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 955 (7th Cir. 1996).

Warren asserts that the mandatory withdrawal under § 157(d) is appropriate here because he has a right to conduct discovery to prepare for the pending trial on the UST's motion to review attorney fees in bankruptcy court.  He contends that following the UST's March 8, 2015 fee motion, he served discovery on the UST, who then asserted that all the requested discovery was privileged under 28 C.F.R. § 16.21-25.  Therefore, argues Warren, his due process interest "requires consideration of both [the Bankruptcy Code] and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).

Warren relies on an opinion issued by this Court in another case in which he was involved in a fee dispute, but the Court later vacated that opinion and thus it has no force of law.

3

*See In re Lloyd B. Maynard*, No. 14-cv-2649, Doc. 3 (S.D. Ohio Apr. 22, 2016). Moreover, the UST did not oppose the motion in *Maynard* and there is no indication that Warren did not comply with the *Touhy* regulations in the discovery dispute at issue there.

The Court finds that the resolution of this proceeding does not require consideration of "other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). First, the fee dispute is a matter of bankruptcy law. *See* 11 U.S.C. § 329(b). No other federal statute is implicated, and there is certainly no indication that "substantial and material consideration of non-Bankruptcy Code law is necessary for the resolution of [the] case." *Holland v. LTV Steel Co.*, 288 B.R. 770, 773 (N.D. Ohio 2002) (internal quotation marks and citation omitted). Second, although Warren claims that his due process rights have been violated, the Court finds this argument unconvincing given that Warren has apparently, at least at the time of the briefing on the motion to withdraw reference, failed to comply with the *Touhy* regulations or to allege that the regulations themselves infringe upon his due process rights. Moreover, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules both contemplate that the bankruptcy court will handle these types of discovery disputes. *See* Fed. R. Bankr. P. 7026; Local Bankr. Rule 7026-1(b). At this juncture, the Court finds that the bankruptcy court is best situated to deal with this discovery dispute and that neither mandatory nor permissive withdrawal is warranted here. The Court **DENIES** the Motion to Withdraw Reference.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Withdraw Reference. (Doc. 1.) Because the Court denies the Motion to Withdraw Reference, the Motion to Stay

Proceedings in the Bankruptcy Court pending the resolution of the Motion to Withdraw Reference is **DENIED as MOOT**. (Doc. 3.) This case is **DISMISSED**.

    **IT IS SO ORDERED.**

                                             <u>s/ Algenon L. Marbley</u>
                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**DATED: July 15, 2016**